PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 2003 Suzuki struck a hole on County Route 33/3 in Preston County. County Route 33/3 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
*174 The incident giving rise to this claim occurred at approximately 6:20 a.m. on March 21, 2008. County Route 33/3 is a rural country road that varies in width from sixteen to twenty feet. The claimant and his son-in-law were traveling from Morgantown to Snowshoe on a skiing trip. They decided to take W.Va. Route 92 instead of the interstate. When they reached Gladesville, the claimant’s son-in-law, who was navigating using his I-Phone with Google maps, instructed the claimant to turn onto County Route 33/3. As claimant was driving at approximately thirty-five miles per hour, his vehicle struck a hole that was approximately nine inches deep. Claimant was not familiar with this road, and he did not have notice of the hole prior to this incident. The photographs submitted as evidence demonstrate that the hole occupied the travel portion of the roadway, and claimant could not have avoided the hole. As a result, claimant’s vehicle sustained damage to two tires and two rims in the amount of $1,061.12, and including related expenses, his claim totals $1,140.86. Since claimant’s insurance deductible is $500.00, his recovery is limited to that amount.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 33/3. Larry Weaver, Highway Administrator for respondent in Preston County, testified that County Route 33/3 is a third priority road in terms of its maintenance. He stated that there was a contractor working on a waterline project in this area, and the contractor had a permit to perform work along respondent’s right of way. Respondent did not receive information regarding the hole prior to this incident. Respondent did not receive its first shipment of cold mix until January 18, 2008. Further, it had to perform work on its first and second priority roads before it could maintain the third priority roads such as County Route 33/3. Due to the late delivery of cold mix, respondent was unable to perform maintenance on its third priority routes until the hot mix plants opened on or around April 15, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the hole which claimant’s vehicle struck and that it presented a hazard to the traveling public. The Court finds that a hole of this size could not have developed in a short period of time without respondent’s knowledge. Although respondent was unable to patch holes on its third priority roads due to the late delivery of cold mix, respondent could have placed cones at this location or taken other measures to warn the traveling public of this hazard. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.